# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

BOOKER PERRY, JAMES JACKSON,
STACY MCLEAN, TERRY HAWKINS,
ROBSON SUAREZ and JUAN BAQUERO,

      Plaintiffs,

vs.

      Case No. 6:01-CV-208-ORL-22KRS

ORANGE COUNTY, FLORIDA and ORANGE
COUNTY PROFESSIONAL FIRE FIGHTERS,
LOCAL 2057, INTERNATIONAL ASSOCIATION
OF FIRE FIGHTERS,

      Defendants.
_____/

## LOCAL 2057'S MOTION TO COMPEL

Defendant, Orange County Professional Fire Fighters, Local 2057, I.A.F.F., by and through undersigned counsel, moves to compel discovery, and would show the following:

1. On March 6, 2002, Defendant sent the following set of six interrogatories to the Plaintiffs by mail and telecopier:

> 1. Identify all persons whom plaintiffs claim improperly leaked test questions, materials or information to persons taking the lieutenant's examination, to whom the questions, materials or information were leaked, the exact questions, materials or information leaked and when the leaks occurred.
>
> 2. Identify and describe with specificity every action that Local 2057 has taken since 1990 that plaintiffs contend intentionally discriminated against minorities, including the person(s) that took each such action and the persons who were discriminated against by each such action.
>
> 3. Identify and describe each instance since January 1, 1995 in which plaintiffs claim a minority member was discriminatorily refused the opportunity to ride up as a lieutenant, including when each such

26

incident occurred, the persons who denied the minority member the opportunity to ride up and the minority members involved.

4. Identify and describe each instance since January 1, 1995 in which plaintiffs claim a non-minority was improperly allowed the opportunity to ride up as a lieutenant, including when each such incident occurred, the persons who provided the opportunity, and the non-minority to whom the opportunity was provided.

5. Identify each person whom the plaintiffs contend played a role in creating, designing or writing the lieutenant's examination while acting in a representational capacity on behalf of Local 2057, and for each such person, identify and describe (a) exactly what role that person played, including which portions of the test he had any role in creating, designing or writing, (b) the facts that plaintiffs rely upon to show that person acted in a representational capacity on behalf of Local 2057 and (c) the facts that plaintiffs rely upon to show that person intentionally discriminated against minorities while playing that role.

6. Identify and describe each instance where a plaintiff asked Local 2057 for assistance with filing or prosecuting a grievance concerning the lieutenant's promotional examination, including which plaintiff made the request, to whom, and when.

2. Plaintiffs have until now failed to answer or object to the interrogatories.

3. On or about April 5, 2002, the date upon which answers were due, plaintiffs' counsel called the undersigned and requested extra time to provide answers. The undersigned reluctantly agreed to extend the deadline for responding until April 15. On April 15, 2002, plaintiffs still failed to answer the interrogatories. On April 16, 2002, plaintiffs' counsel requested an additional week to provide answers. Defense counsel would not consent to another extension of time because the date for filing summary judgment motions was soon approaching and defendant also feared that plaintiffs would fail to meet another agreed upon deadline. Plaintiffs' counsel stated that any motion to compel would likely become moot since plaintiffs intended to answer the interrogatories by April 22.

WHEREFORE, Defendant moves for an order compelling discovery.

## Memorandum of Law

On February 4, 2002, Defendant argued an earlier motion to compel before the court regarding a first set of interrogatories that defendant contended were not completely answered. The court denied the motion with regard to these interrogatories stating that "The plaintiffs provided information within their knowledge at the time the response was given, which is sufficient at this stage of the litigation." At this date, after the close of all discovery except expert witness depositions, plaintiffs have not supplemented their answers. On March 6, 2002, Local 2057 sent a second set of interrogatories trying to obtain some of the same information sought by its first set. These interrogatories were more specific so that plaintiffs would have to either specifically state the facts within their knowledge substantiating several material allegations in the complaint against the union or admit that they had no such facts. Plaintiffs have failed to answer these interrogatories.

Fed.R.Civ.P. 33 provides that a party must serve an answer or objections to an interrogatory within thirty days of service. Fed.R.Civ.P. 37 (a) provides that a party may apply for an order compelling discovery when a party fails to answer an interrogatory submitted under Rule 33. The case management and scheduling order stated that a motion to compel filed after April 5 *may* be denied as untimely. However, Local 2057 delayed filing its motion until now in reliance upon plaintiffs' promise to answer the interrogatories by April 15. Also the motion seeks information that the union sought to obtain nearly a year ago through its first set of interrogatories, which was the subject of an earlier motion to compel.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion to compel was sent by U.S. mail this 22ⁿᵈ day of April 2002 to Gary Wilson, Esq., Red Willow Plaza, Thomas J. Pilacek & Associates, 5844 Red Bug Lake Road, Winter Springs, Florida 32708 and Deborah Samuels, Ackerman, Senterfitt & Eidson, P.O. Box 231, Orlando, Florida 32802.

EGAN, LEV & SIWICA, P.A.
P.O. Box 2231
Orlando, Florida 32802
(407) 422-1400

By: _____
Tobe Lev
#226475