**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BOOKER PERRY, JAMES JACKSON, STACY McLEAN, TERRY HAWKINS, ROBSON SUAREZ, and JUAN BAQUERO,**

        **Plaintiffs,**

**-vs-**                                          **Case No. 6:01-cv-208-Orl-22JGG**

**ORANGE COUNTY and ORANGE COUNTY PROFESSIONAL FIRE FIGHTERS LOCAL 2057, INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS,**

        **Defendants.**

_____

# O R D E R

This cause comes before the Court for consideration of Magistrate Judge James G. Glazebrook's Report and Recommendation ("R&R") (Doc. 190), filed on May 6, 2004. Therein, Judge Glazebrook recommends that all but one of the Plaintiffs be ordered to pay Defendant Orange County $177,071.00 in attorneys' fees, paralegal fees and expert witness costs,[1] and that all Plaintiffs be required to pay Defendant Orange County Professional Fire Fighters, Local 2057, $93,743.50 in attorneys' fees. Judge Glazebrook further recommends

---

[1] The County is not seeking an award against James Jackson because his claims against the County were previously dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a). *See* Doc. 200 at 2 n.1.

denial of Orange County's motion for sanctions against Plaintiffs' counsel pursuant to 28 U.S.C. § 1927 and the Court's inherent power.

After initially reviewing the R&R, the Court issued an Order (Doc. 202) requiring Plaintiffs' current and former attorneys to show cause why they should not be sanctioned pursuant to Fed. R. Civ. P. 11 for conduct specified in the Order. Counsel have filed their Response (Doc. 208) to the show-cause order, as well as supporting affidavits.

After carefully examining the R&R, Plaintiffs' objections thereto, the Defendants' responses to those objections, and the remainder of the record, the Court agrees entirely with the analysis set forth in Magistrate Judge Glazebrook's detailed and comprehensive R&R, including his bottom-line conclusion that "[t]his case is so lacking in arguable merit as to be groundless or without foundation." Doc. 190 at 19. The Plaintiffs' objections to the R&R are without merit. Accordingly, the Defendants are entitled to the monetary awards specified in the R&R.

Additionally, the Court has carefully reviewed the Plaintiffs' attorneys' response to the show cause order, their detailed affidavits, and the attachments to those affidavits, for the purpose of determining whether Rule 11 sanctions should be imposed against them, personally. In conducting this inquiry, the Court is mindful that because no "safe harbor" correction opportunity exists when a court-initiates Rule 11 sanctions proceedings, it must apply "a higher standard . . . than in the case of party-initiated sanctions." *Kaplan v. DaimlerChrysler, A.G.,* 331 F.3d 1251, 1255 (11th Cir. 2003). Specifically, sanctions cannot be imposed in these circumstances unless counsel has engaged in conduct "akin to contempt." *Id.* at 1255-56. This

standard is not satisfied in the present case. While some of Plaintiffs' counsel's positions and decisions were certainly ill-considered, they do not rise to the level of conduct tantamount to contempt. In any event, based on the language of Rule 11(c)(2), it appears the Court could not require the attorneys to share responsibility for the payment of the Defendants' fees and expenses even if the Court found a violation of the Rule, since sanctions imposed in the absence of a motion appear to be limited to "directives of a nonmonetary nature" or "an order to pay a penalty into court." Fed. R. Civ. P. 11(c)(2); *see also Nuwesra v. Merrill Lynch, Fenner & Smith, Inc.,* 174 F.3d 87, 94 (2nd Cir. 1999) (stating that Rule 11 does not permit a court to award attorneys' fees on its own initiative).

Hence, although the Court believes notions of fairness require Plaintiffs' counsel to share responsibility for at least some of the reimbursement their clients must now make to the Defendants, Rule 11 does not empower the Court to enter an order accomplishing that objective.

Based on the foregoing, it is ORDERED as follows:

1. The Magistrate Judge's Report and Recommendation (Doc. 190), filed May 6, 2004, is APPROVED AND ADOPTED.

2. The Plaintiffs' Objections to the Report and Recommendation of the Magistrate Judge Regarding Attorneys' Fees (Doc. 194), filed May 21, 2004, are OVERRULED.

3. Defendant Orange County's Renewed Motion for Attorney's Fees and for Sanctions (Doc. 173), filed January 27, 2004, is GRANTED IN PART AND DENIED IN PART.

The Motion is GRANTED insofar as it seeks an award of attorneys' fees, paralegal fees and expert witness costs against all Plaintiffs except James Jackson.

The Motion is DENIED insofar as it seeks an award against Plaintiffs' counsel.

4. Defendant Local 2057's Renewed Motion for Attorney's Fees and Costs (Doc. 170), filed January 20, 2004, is GRANTED.

5. The Clerk shall enter a judgment providing as follows:

> Plaintiffs Booker Perry, Stacy McLean, Terry Hawkins, Robson Suarez and Juan Baquero, jointly and severally, shall pay to Defendant Orange County, Florida the sum of $177,071.00 in attorneys' fees, paralegal fees, and expert witness costs; and
>
> Plaintiffs Booker Perry, James Jackson, Stacy McLean, Terry Hawkins, Robert Suarez and Juan Baquero, jointly and severally, shall pay to Defendant Orange County Professional Fire Fighters Local 2057, International Association of Fire Fighters, the sum of $93,743.50 in attorneys' fees.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida this 27th day of August, 2004.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Gary D. Wilson, Esq.
    Jill S. Schwartz & Associates, P.A.
    180 N. Park Ave Ste 200
    Winter Park, Florida 32789-7401
Unrepresented Party
Magistrate Judge James G. Glazebrook